IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01733-MSK-CBS

PATRICK CONARRO,

      Plaintiff,

v.

CLIFFORD PITCHER; and
KATHY CONARRO,

      Defendants.

---

**ORDER GRANTING MOTIONS TO DISMISS AND
DENYING MOTION FOR LEAVE TO AMEND**

---

**THIS MATTER** comes before the Court on Plaintiff Patrick Conarro's Motion for

Leave to Amend (**#5**), to which Defendant Kathy Conarro responded (**#10**), and Mr. Conarro

replied (**#12**); Ms. Conarro's Motion to Dismiss (**#3**), to which Mr. Conarro responded (**#7**), and

Ms. Conarro replied (**#9**); and Defendant Clifford Pitcher's Motion to Dismiss (**#11**), to which

no response was filed.  Having considered the same,[1] the Court **FINDS** and **CONCLUDES** as

follows.

---

[1] The Court is mindful that Mr. Conarro is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## I.   Jurisdiction

The Court exercises its inherent authority to determine its jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002), and, if jurisdiction is found, exercises it pursuant to 28 U.S.C. §§ 1331 and 1367.

## II.   Material Facts

The Amended Complaint (**#5**)[2] alleges the following facts material to the issues before the Court.

Defendant, Mr. Pitcher, although married to another woman, was involved an relationship with Defendant, Ms. Conarro, during which she became pregnant.  Mr. Pitcher and Ms. Conarro then conspired to induce Mr. Conarro into a sexual relationship with Ms. Conarro in an effort to convince him that he was the father of Ms. Conarro's unborn child.

Mr. Conarro believed that he was the father of Ms. Conarro's unborn child.  Mr. Conarro and Ms. Conarro were married in the state of Washington.  Their marriage was subsequently dissolved in Colorado.  On September 19, 2003, approximately six years following their divorce, Mr. Conarro obtained a paternity test that revealed that he was not the father of Ms. Conarro's child.  Mr. Conarro remains liable for child support payments.

Mr. Conarro initiated this action on July 22, 2009 alleging three claims for relief: (i)

---

[2]  Mr. Conarro has moved for leave to amend his complaint (**#5**).  This motion is moot, however, because pursuant to Fed. R. Civ. P. 15(a) Mr. Conarro is entitled to amend his complaint without leave of court.  The version of Rule 15(a) in effect at the time Mr. Conarro moved to amend provides that a litigant can amend a complaint once as a matter of course if he does so before a responsive pleading is filed.  The only pleading filed by any defendant prior to Mr. Conarro's Motion to Amend was Ms. Conarro's Motion to Dismiss.  Motions to dismiss, however, do not constitute responsive pleadings for purposes of Rule 15.  *See James V. Hurson Assocs. v. Glickman*, 229 F.3d 277, 283 (10th Cir. 2000).  Therefore, Mr. Conarro is entitled to amend his complaint without leave of court.  Accordingly, the Court shall deny the Motion to Amend as moot, accept Mr. Conarro's Amended Complaint (**#6**) as filed, and has determined all issues raised in this action on the basis of the Amended Complaint.

conspiracy to induce marriage in furtherance of paternity fraud; (ii) fraudulent inducement of marriage; and (iii) violation of 42 U.S.C. § 1981 based on his race and gender.  The Amended Complaint asserts two additional claims: (iv) abuse of process; and (v) blocking access to the courts.

### III.   Issues Presented

Ms. Conarro argues that Mr. Conarro's claims are barred because this action was not initiated within the applicable statute of limitation.  She argues that all of Mr. Conarro's claims arose at the time the DNA test proved that he was not the father of the child—September 19, 2003.  In accordance with all applicable statutes of limitation, Mr. Conarro was required to file his claims within two or three years—no later than September 19, 2006.  Because Mr. Conarro did not file this action until July 22, 2009, Ms. Conarro contends his claims are barred and therefore must be dismissed.

Construing Mr. Conarro's pleadings liberally, he does not dispute that he became aware of the circumstances giving rise to the claims in this action at the time that the DNA results were returned.  He argues, however, that because he continues to pay child support payments, the continuing violation doctrine extends the accrual date for the statute of limitation and his claims are thus timely.  He further argues that the statute of limitation did not begin to run until the Colorado statute giving rise to his claims, Colo. Rev. Stat. § 19-4-107.3,[3] became effective on August 15, 2008.[4]

---

[3]  Mr. Conarro refers to S.B. 08-183, which was codified as Colo. Rev. Stat. § 19-4-107.3.

[4]  Mr. Conarro also argues that if he asserted a breach of contract claim, which is subject to a longer statute of limitation under Colo. Rev. Stat. § 13-80-101, all of his claims would be timely.  The Court need not address this argument, however, because Mr. Conarro did not assert such a claim in his Amended Complaint and has not moved to further amend his complaint.

The Court first determines whether it has subject matter jurisdiction over this dispute.  If so, the issue raised by the motion is whether Mr. Conarro's claims are barred by the applicable statute of limitation.

## IV.   Analysis

Because federal courts are courts of limited jurisdiction, this Court has an independent obligation to determine whether it has subject matter jurisdiction to resolve the dispute even if no party has raised the issue.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The Amended Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331.[5]

The Court finds that it lacks jurisdiction pursuant to section 1332 because the parties are not completely diverse.  Both Mr. Conarro, the Plaintiff, and Ms. Conarro, a Defendant, are domiciled in Colorado.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (providing that diversity jurisdiction only exists if there is no plaintiff and no defendant who are citizens of the same state).

The question then becomes whether the action "arises under the Constitution, laws, or treaties of the United States" pursuant to section 1331.  *See Nicodemus v. Union Pac. Corp.*, 440 F.2d 1227, 1232 (10th Cir. 2006).  In this analysis, the Court is limited to the Amended Complaint.  *See Felix v. Lucent Tech. Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (providing that the presence of federal question jurisdiction is determined from the face of the complaint).  A case "arises under" federal law if the complaint establishes either that federal law creates the

---

[5] If the Court has jurisdiction under either of these statutes, the Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his related state law claims.

cause of action or that the plaintiff's right to relief turns on resolution of a substantial question of federal law. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

All of Mr. Conarro's claim arise under state law but one, the alleged violation of 42 U.S.C. § 1981 based on his race and gender. As part of this claim, Mr. Conarro alleges that the Defendants deprived him of his right to utilize the laws of the State of Washington to obtain divorce, and his fundamental rights of procreation and marriage.

Section 1981 provides that all person shall have the equal right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." It protects four interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989). Section 1981 was designed to proscribe discrimination in the making or enforcement of contracts on the basis of race. *See MacDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295–96 (1976). A such, section 1981 claims are subject to a three part test: (1) the plaintiff is a member of a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination interfered with an activity protected by section 1981. *See Barfield v. Commerce Bank N.A.*, 484 F.3d 1276, 1278 (10th Cir. 2007).

As noted above, in this claim, Mr. Conarro complains that he was denied his right to dissolve his marriage because the Defendants hid the fact that he was not the father of Ms.

Conarro's child.  He also alleges that he was deprived of his right to procreation and marriage based on his gender and race.  There are no facts alleged in the Complaint that suggest that Mr. Conarro was prevented from dissolving his marriage, nor that there has been any discrimination against him that falls within the express language or purpose of the statute.  To the extent that Mr. Conarro contends that the application of law in the dissolution of his marriage (imposition of the obligation to pay child support) was a deprivation of his rights, there are no facts that link such application of law to Mr. Conarro's race.  *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 (1987) (providing that section 1981 is part of a federal law barring racial discrimination).  Therefore, the Court finds that no federal question arises under 42 U.S.C. § 1981.

Construing the Amended Complaint liberally, it may be that Mr. Conarro intended to assert a claim pursuant to 42 U.S.C. § 1983.[6]  Section 1983 creates "a private right of action against any person who, under color of state law, deprives another individual of 'any rights, privileges or immunities secured by the Constitution and laws.'" *See Ripley v. Wyo. Med. Ctr., Inc.*, 559 F.3d 1119, 1122 (10th Cir. 2009).  To bring a claim pursuant to section 1983, the deprivation must result from state action.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Although the rights that Mr. Conarro asserts might be protected under section 1983, he does not allege that they were infringed by a state actor or through state action.  Indeed, the Amended Complaint focuses solely on Ms. Conarro's and Mr. Pitcher's actions.  It does not

---

[6] The Amended Complaint refers to Mr. Conarro's right to marry and procreate, which are protected by the Fourteenth Amendment and, thus, would be subject to section 1983.  *See Carey v. Population Servs. Int'l*, 431 U.S. 678, 684–85 (1977).  In addition, Claim 5 alleges that the Defendants blocked Mr. Conarro's access to the courts, which implicates Mr. Conarro's First Amendment rights and therefore would be subject to section 1983.

suggest that either is a state actor who acted in that capacity.  Therefore, no federal question arises pursuant to section 1983.

Lacking subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332 for any claim asserted, the Court must dismiss the action.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

Alternatively, should there be some basis for subject matter jurisdiction that the Court has not recognized, it would dismiss all of Mr. Conarro's claims as being barred by application of a statute of limitation.[7]  For claims brought under 42 U.S.C. §§ 1981 or 1983, the forum state's statute of limitation for personal injury actions provides the statutory limitation period; federal law determines when the claim accrues starting the limitation period.  *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006).

Claims brought under section 1981 or 1983 are personal injury claims which, under Colorado law, must be asserted within two years of the time that they accrue.  Colo. Rev. Stat. §13-80-102(1); *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993).[8]  Under federal law, a section 1981 or 1983 claim accrues at the time that the plaintiff knows or should know that his or her rights have been violated.  *See Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir.

---

[7] Ms. Conarro's Motion to Dismiss focuses on the statute of limitation defense.  The Motion to Dismiss, however, was filed prior to Mr. Conarro's submission of his Amended Complaint and, therefore, did not address the additional claims asserted in the Amended Complaint.  Ms. Conarro's response to the Motion to Amend, however, addresses the statute of limitation as to these claims.  Accordingly, the Court construes Ms. Conarro's Motion to Dismiss as incorporating the arguments presented in her response to the Motion to Amend (**#10**).

[8] The Court notes that the statute of limitation in Washington for personal injury actions is three years.  Wash. Rev. Code § 4.16.080(2)

2006); *Brown*, 465 F.3d at 1188.

The operative fact that underlies all of Mr. Conarro's claims is that he is not the father of Ms. Conarro's child. He learned this on September 19, 2003 through a paternity test. Colorado law required him to assert any section 1981 or 1983 claim within two years[9]—by September 18, 2005. Because this action was not initiated until July 22, 2009, long after the limitation period had expired, all purported federal claims are barred.

With regard to state law claims, state law determines the limitation period during which they must be asserted and the date on which they accrue. Here, the law of two states, Washington and Colorado, are potentially implicated. Generally, it is the law of the forum state that determines which state's law will apply. *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009). Here, however, the Court need not determine which state's law applies because Mr. Conarro's claims were not timely asserted under both Colorado and Washington law.

Mr. Conarro's first two claims, conspiracy to induce marriage in furtherance of paternity fraud and fraudulent inducement of marriage, are subject to the statute of limitation governing fraud claims. In both Colorado and Washington, the limitation period is three years running from the date of discovery of the fraud. Colo. Rev. Stat. §§ 13-80-101, 13-80-108(3); Wash. Rev. Code § 4.16.080(4).

As noted earlier, Mr. Conarro discovered the fraud at the latest on September 19, 2003,

---

[9] Pursuant to 28 U.S.C. § 1658, a plaintiff has four years to bring a claim under the portion of section 1981 that was enacted after December 1, 1990, namely 1981(b). *See Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1192 (10th Cir. 2002). Although the Court does not believe this provision to be applicable, however, Mr. Conarro's claims would still be untimely as they were filed more than four years after they accrued.

date that he received the DNA test proving that he was not the father of Ms. Conarro's child.  As

such he was required to bring any action sounding in fraud on or before September 19, 2006.

This action was not initiated by that date and therefore is barred under either Colorado or

Washington law.

        As to Mr. Conarro's abuse of process claim, it is subject to a two year statute of

limitation in Colorado.  Colo. Rev. Stat. § 13-80-102(1)(a).  Abuse of process claims in

Washington are categorized as personal injury claims and, thus are subject to a three year statute

of limitation.  *See Nave v. Seattle*, 415 P.2d 93, 95 (Wash. 1966); Wash. Rev. Code §

4.16.080(2).  Here, Mr. Conarro's abuse of process claim is premised on Ms. Conarro's actions

"during and subsequent to the divorce" including her commission of perjury in a court

proceeding.

        According to the Amended Complaint, the Conarro divorce was finalized in 1997, some

twelve years before this action was initiated.  However, Mr. Conarro may not have discovered

the facts forming the basis of this claim until he discovered that he was not the father of Ms.

Conarro's child.  Again, because this discovery was made on September 19, 2003, Mr. Conarro

was required to bring suit under Colorado law by September 19, 2005 and under Washington law

by September 19, 2006.  As Mr. Conarro initiated this lawsuit on July 22, 2009, his claim for

abuse of process is barred under either Colorado or Washington law.

        Construing Mr. Conarro's pleadings liberally, the Court understands Mr. Conarro to

argue that his claims are not barred by the statute of limitation because his claims have not yet

accrued by application of the continuing violation doctrine.  The continuing violation doctrine

permits a plaintiff to challenge incidents that occurred outside the limitation period if such

9

incidents are so related to incidents occurring within the limitation period that they constitute a continuing pattern.[10]  *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  It is triggered by continued unlawful acts, not by continued ill effects from the original violation.  *See Parkhurst v. Lampert*, 264 Fed. App'x 748, 749 (10th Cir. Feb. 12, 2008) (unpublished)[11]; *Frazier v. Jordan*, 2007 WL 60883, at *4 (10th Cir. Jan. 10, 2007) (unpublished); *Bergman v. United States*, 751 F.2d 314, (10th Cir. 1984).

Here, the alleged wrongful conduct was the alleged fraud perpetrated by Ms. Conarro and Mr. Pitcher leading Mr. Conarro to believe that he was the father of Ms. Conarro's child.  That fraud was revealed when Mr. Conarro learned the contrary in September 2003.  Although Mr. Conarro may still be suffering from that conduct in the form of court-ordered child support payments, the allegedly unlawful conduct did not continue.  Thus the continuing violation doctrine does not extend any statute of limitation.

The Court also understands Mr. Conarro to argue that his claims accrued on August 15, 2008, the date that Colo. Rev. Stat. § 19-4-107.3 became effective.  Section 19-4-107.3(1)(a) provides that an order determining parentage shall be modified or set aside if genetic testing establishes that an individual is not the father of the child and the court determines that it is just under the circumstances and in the best interests of the child.  Although this statute provides a means by which Mr. Conarro may seek to have the order determining parentage modified or set

---

[10]  The Tenth Circuit has not conclusively determined whether the continuing violation doctrine applies to claims arising under sections 1981 and 1983.  *See Hunt*, 17 F.3d at 1266 (addressing 1983 claims); *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997) (addressing 1981 claims).  *But see Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1172 (10th Cir. 2008) (holding that the continuing violation doctrine is applicable to hostile work environment claims brought under section 1981).

[11]  Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

aside in the state court,[12] it does not relate in any way to the claims he asserts in this action and, therefore, cannot alter the accrual date for these claims.[13]

Mr. Conarro brings the same claims against Mr. Pitcher as he does against Ms. Conarro. Therefore, the Court lacks subject matter jurisdiction over these claims.

**IT IS THEREFORE ORDERED** that

(1)      Mr. Conarro's Motion for Leave to Amend **(#5)** is **DENIED AS MOOT**.

(2)      Defendant Kathy Conarro's Motion to Dismiss **(#3)** is **GRANTED**.

(3)      Defendant Clifford Pitcher's Motion to Dismiss **(#11)** is **GRANTED.**

(4)      All claims in this action are **DISMISSED**.

(5)      The Clerk of Court shall close this case.

Dated this 1st day of March, 2010

                              **BY THE COURT:**

                              _Marcia S. Krieger_
                              _____

                              Marcia S. Krieger
                              United States District Judge

---

[12]   Section 19-4-107.3(2)(b)(I) provides that a motion to modify or set aside an order determining parentage that was entered prior to August 15, 2008 must be filed by August 15, 2010.

[13]   The Court also notes that equitable tolling is not appropriate. State law governs the application of equitable tolling. *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009). In Colorado, equitable tolling is limited to circumstances where the defendant has impeded the plaintiff's ability to bring suit or "truly extraordinary circumstances" prevented the plaintiff from timely filing his claims. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). Under Washington law, equitable tolling is only appropriate when justice requires it and the predicates—bad faith, deception, or false assurances by the defendant and the exercise or reasonable diligence by the plaintiff—are met. *See In re Pers. Restraint of Bonds*, 196 P.3d 672, 676 (Wash. 2008). The Amended Complaint does not allege any of these circumstances.